UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD LAWRENCE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CASTLIGHT HEALTH, INC., MAEVE O'MEARA, BRYAN ROBERTS, DAVID B. SINGER, DAVID EBERSMAN, SETH COHEN, ED PARK, MICHAEL EBERHARD, KENNY VAN ZANT, and JUDITH K. VERHAVE,<br><br>　　　　　　Defendants, | Civil Action No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Richard Lawrence ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

**NATURE OF THE ACTION**

1.　Plaintiff brings this action against Castlight Health, Inc. ("Castlight" or the "Company") and Castlight's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78n(d)(4), 78n(e), 78t(a), and SEC Rule 14d-9, 17 C.F.R. § 240.14d-9, arising out of the Board's attempt to sell the Company to Vera Whole Health, Inc. through its wholly-owned subsidiary Carbon Merger Sub, Inc. (collectively "Vera").

2.　Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading solicitation statement (the "14D-9") to be filed with the Securities and Exchange Commission ("SEC") on January 19, 2022. The 14D-9 recommends that Castlight stockholders tender their shares in favor of a proposed transaction (the

1

"Proposed Transaction") whereby Castlight is acquired by Vera. The Proposed Transaction was first disclosed on January 5, 2022, when Castlight and Vera announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which Vera will acquire all of the outstanding shares of common stock of Castlight for $2.05 per share (the "Merger Consideration"). The deal is valued at approximately $370 million and is expected to close in the first quarter of 2022.

3. The 14D-9 is materially incomplete and contains misleading representations and information in violation of Sections 14(e) and 20(a) of the Exchange Act. Specifically, the 14D-9 contains materially incomplete and misleading information concerning the sales process, specifically, the Company's negotiations and agreements entered into with Anthem, Inc. ("Anthem"), financial projections prepared by Castlight management, and potential conflicts of interest concerning Company insiders and William Blair & Company, L.L.C. ("William Blair"), Castlight's financial advisor.

4. For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction, including filing any amendment to the 14D-9, unless and until the material information discussed below is included in any such amendment or otherwise disseminated to Castlight's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

**PARTIES**

5. Plaintiff is, and has been at all relevant times, the owner of shares of common stock of Castlight.

6. Defendant Castlight is a corporation organized and existing under the laws of the

State of Delaware. The Company's principal executive offices are located at 150 Spear Street, Suite 400, San Francisco, California 94105. Castlight common stock trades on the New York Stock Exchange under the ticker symbol "CSLT."

7. Defendant Maeve O'Meara has been CEO and a director of the Company since 2019.

8. Defendant Bryan Roberts co-founded Castlight in 2008, has served as a director of the Company since 2008 and has served as Chairman of the Company since 2010.

9. Defendant David B. Singer has served as a director of the Company since 2010.

10. Defendant David Ebersman has served as a director of the Company since 2011.

11. Defendant Seth Cohen has served as a director of the Company since 2018.

12. Defendant Ed Park has served as a director of the Company since 2014.

13. Defendant Michael Eberhard has served as a director of the Company since 2016.

14. Defendant Kenny Van Zant has served as a director of the Company since 2016.

15. Defendant Judith K. Verhave has served as a director of the Company since 2018.

16. Nonparty Vera is a corporation organized and existing under the laws of the State of Delaware. Vera's principal executive offices are located at 1511 6th Ave, Ste 260, Seattle, Washington, 98101.

17. Nonparty Carbon Merger Sub, Inc. is a Delaware corporation and is a wholly owned subsidiary of Vera.

**JURISDICTION AND VENUE**

18. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(e) and 20(a) of the Exchange Act.

19. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

20. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District

## FURTHER SUBSTANTIVE ALLEGATIONS

A. Background of the Company and the Proposed Transaction

21. Castlight is a provider of a digital healthcare navigation platform with a team of clinical and benefits experts to help members connect and engage with the right health programs and care. Castlight partners with Fortune 500 companies and health plans to transform employee and member benefits into a comprehensive health and wellbeing experience.

22. On January 4, 2022, the Company entered into the Merger Agreement with Vera.

23. According to the press release issued on January 5, 2022 announcing the Proposed Transaction:

> **Castlight Health and Vera Whole Health to Combine to Pioneer and Scale Value-Based Care in Commercial Market**
>
> *Combined company will integrate Castlight's market-leading navigation technology with Vera's best in class advanced primary care model to expand access to care, reduce healthcare costs, and improve outcomes*
>
> *Clayton, Dubilier & Rice funds to invest in new enterprise; former Aetna Chairman and CEO Ron Williams to be Chairman of combined company*
>
> Wednesday, January 5, 2022, San Francisco and Seattle - Castlight Health, Inc. ("Castlight") (NYSE: CSLT), a leading healthcare data and navigation company, and Vera Whole Health, Inc. ("Vera"), a pioneer in advanced primary care, today

jointly announced an agreement under which the companies will combine. The combined company will integrate Castlight's market-leading technology with Vera's purpose-built clinics, health care professionals and strategic partnerships with local providers, with the potential to transform how patients access and engage with care, how providers deliver care, and how employers and other purchasers pay for care.

The transaction, which has been unanimously approved by Castlight's Board of Directors, is valued at an equity value of approximately $370 million and will be structured as an all cash tender offer to acquire all outstanding shares of Castlight. Under the terms of the agreement, Vera will commence a tender offer to acquire all outstanding shares of Castlight Class A common stock and Class B common stock for $2.05 in cash per share, representing a 25% premium to the closing price as of January 4th, 2022, and a 35% premium to the 30-day volume weighted average share price. Clayton, Dubilier & Rice ("CD&R") funds, Vera's majority equity holder, have committed to invest up to $338 million to support the combination, and Anthem, Inc. ("Anthem"), a leading health company and long-time strategic customer of Castlight, will make an investment in the combined company.

"We believe the combined company has a unique opportunity to deliver large scale innovation to the commercial customer segment and accelerate the restructuring of the healthcare market to a stronger focus on value," said Ron Williams, Chairman of Vera and Operating Advisor to CD&R funds.

"Integrating our navigation data and technology with Vera's high quality primary care offering addresses the fundamental need for a coordinated and personalized patient experience, while enabling providers to improve outcomes and lower costs and employers to participate in full risk sharing for the first time," said Maeve O'Meara, Chief Executive Officer of Castlight. "We are thrilled to work with Vera and CD&R to open this new frontier of healthcare."

"Equipping our advanced primary care teams and our patients with Castlight's industry leading digital navigation and engagement capabilities enhances our ability to reduce total cost of care while improving the social, mental and physical health of our patients," said Ryan Schmid, Founder and Chief Executive Officer of Vera. "Personalizing care plans and engagement campaigns while providing our care teams and patients with quality and cost data will greatly enhance the patient journey and our ability to manage commercial populations."

"We believe this is a milestone for the healthcare system because of the way it merges benefits and care navigation, including digital touchpoints, into a patient's primary care relationship," said Ravi Sachdev, CD&R Partner, and member of Vera's Board of Directors. "We believe a combination of these two innovative companies will transform care in local markets across the country."

Bryony Winn, President of Anthem Health Solutions added, "We are excited at the

potential of this unique combination to deliver a differentiated primary care experience by bringing a value-based care model to the commercial healthcare market."

Anthem joins Morgan Health, the JP Morgan Chase & Co business focused on the transformation of employee healthcare, and Central Ohio Primary Care, the largest independent physician owned primary care group in the country, as key strategic partners in the combined company. CD&R's initial investment in Vera was made in early 2021 and followed a series of investments in companies focusing on value-based care, including agilon health, Millennium Physician Group, and naviHealth.

The transaction is subject to regulatory approval, the tender of a majority of Castlight's outstanding shares of common stock, and other customary closing conditions. Upon completion of the transaction, Castlight will become a privately held company and shares of Castlight's Class B common stock will no longer be listed on any public market. The parties anticipate that the combination will be completed in the first quarter of 2022.

### B. The Materially Incomplete and Misleading 14D-9

24.     On January 19, 2022, Defendants filed the 14D-9 with the SEC. The purpose of the 14D-9 is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to tender their shares in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether or not to tender his shares in favor of the Proposed Transaction.

*Materially Incomplete and Misleading Disclosures Concerning the Management-Prepared Financial Forecasts*

25.     The 14D-9 discloses management-prepared financial projections for the Company which are materially misleading. The 14D-9 indicates that in connection with the rendering of William Blair's fairness opinion, William Blair reviewed "certain internal business, operating and financial information and forecasts of the Company for the fiscal years ending December 31, 2021 through December 31, 2026, including certain estimates as to potentially realizable existing federal net operating loss carryforwards expected to be utilized by Castlight (the 'Forecasts'), prepared by

6

Castlight's senior management and provided to William Blair on December 20, 2021." Accordingly, the 14D-9 should have, but failed to, provide certain information in the projections that Castlight's management provided to the Board and William Blair.

26. Notably, the 14D-9 fails to disclose: (a) Castlight's free cash flow projections; (b) Castlight's cash flows in the non-process driven Q2 2021 Projections; (c) the date on which the Q4 2021 Projections were prepared; (d) the percentage reduction of the Company's Total Revenue, Gross Profit and Adjusted EBITDA accountable due to a decline in revenues from Anthem; and (e) the percentage reduction of the Company's Total Revenue, Gross Profit and Adjusted EBITDA accountable due to a longer sales cycle required with new health plan customers compared to the Q2 2021 Projections. This omitted information is necessary for Plaintiff to make an informed decision on whether to tender his shares in favor of the Proposed Transaction.

### *Materially Incomplete and Misleading Disclosures Concerning the Flawed Sales Process*

27. The 14D-9 also fails to disclose material information concerning the sales process.

28. Specifically, the 14D-9 fails to provide material information concerning the Company's negotiations with Anthem.

29. The 14D-9 fails to disclose when Defendant O'Meara and Anthem first discussed a potential agreement with Anthem based on the product offerings from a combination of Vera and Castlight, as well as the details of those discussions.

30. Additionally, the 14D-9 fails to disclose the terms of the Anthem Term Sheet and the amount of the equity investment Anthem committed to in Vera.

31. The 14D-9 also fails to disclose the economic terms of Anthem's proposal in connection with the renewal of the Anthem Agreement.

### *Materially Incomplete and Misleading Disclosures Concerning Conflicts of Interests Involving William Blair*

32. Critically, the 14D-9 fails to specifically disclose that at the time William Blair was acting as the Company's financial advisor, it was simultaneously acting as Vera's financial advisor.

33. The 14D-9 likewise omits that William Blair was also simultaneously acting as financial advisor to Clayton, Dubilier & Rice, LLC ("CD&R"), an affiliate of Vera, in connection with CD&R's acquisition of Cloudera, Inc. at the same time as it was acting as the Company's financial advisor.

34. Moreover, the 14D-9 fails to fully disclose the compensation received by William Blair from CD&R for: (i) acting as CD&R's financial advisor in connection with its acquisition of Cloudera, Inc.; and (ii) acting as a member of the underwriting syndicate for public offerings by certain affiliates of CD&R.

35. Additionally, the 14D-9 fails to reveal whether the Board was aware of William Blair's investment banking relationships with Vera and CD&R prior to William Blair delivering the December 22, 2021 William Blair Conflict Letter.

### *Materially Incomplete and Misleading Disclosures Concerning Potential Conflicts of Interests Involving Company Insiders*

36. The 14D-9 fails to disclose the details of any discussions and negotiations between Castlight and Vera and CD&R concerning potential employment or retention of Castlight's executive officers by the surviving company, including who had these discussions, when they were held, and what was discussed,

37. The 14D-9 further fails to disclose whether any of Vera's and CD&R's proposals or indications of interest mentioned retention of or equity participation by the Company's insiders in the combined company.

38. This information is necessary to provide Company stockholders a complete and accurate picture of the sales process and its fairness. Without this information, stockholders were not fully informed as to the defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Proposed Transaction and faces irreparable harm, warranting the injunctive relief sought herein.

39. In addition, the Individual Defendants knew or recklessly disregarded that the 14D-9 omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

40. Specifically, the Individual Defendants undoubtedly reviewed the contents of the 14D-9 before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the 14D-9 omits the material information referenced above and contains the incomplete and misleading information referenced above.

41. Plaintiff is immediately threatened by the wrongs complained of herein, and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**All Defendants for Violations of Section 14(e) of the Exchange Act and Rule 14d-9**

42. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

43. Defendants have filed the 14D-9 with the SEC with the intention of soliciting Castlight stockholder support for the Proposed Transaction. Each of the Individual Defendants

reviewed and authorized the dissemination of the 14D-9, which fails to provide the material information referenced above.

44. In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of Castlight, were aware of the omitted information but failed to disclose such information, in violation of Section 14(e).

45. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. . . ." 15 U.S.C. § 78n(e).

46. Specifically, and as detailed above, the 14D-9 violates Section 14(e) and Rule 14d-9 because it omits material facts concerning: (i) management's financial projections; (ii) the sales process; and (iii) potential conflicts of interest involving William Blair and the Company's insiders.

47. Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the 14D-9 is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the 14D-9, rendering the sections of the 14D-9 identified above to be materially incomplete and misleading.

48. The misrepresentations and omissions in the 14D-9 are material to Plaintiff, who

will be deprived of his right to make an informed decision whether to tender his shares if such misrepresentations and omissions are not corrected prior to the end of the tender offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

49.    Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

50.    The Individual Defendants acted as controlling persons of Castlight within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Castlight and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the 14D-9 filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

51.    Each of the Individual Defendants was provided with or had unlimited access to copies of the 14D-9 and other statements alleged by Plaintiff to be misleading prior to the time the 14D-9 was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

52.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had

the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The 14D-9 at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the 14D-9.

53. In addition, as the 14D-9 sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The 14D-9 purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

54. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

55. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) and Rule 14d-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing any amendment to the 14D-9 with the SEC unless and until Defendants agree to include the material information identified above in any such amendment;

B.      Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the 14D-9;

C.      In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D.      Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E.      Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F.      Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: January 31, 2022                              **ROWLEY LAW PLLC**

*S/ Shane T. Rowley*
Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*